IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLIE DANIELS                                                                          PLAINTIFF

VS.                                    CASE NO. 4:06-CV-4095

H.L. PHILLIPS;  BILL ROBINSON,
SGT. SMITH; LT. SUE NICHOLS;
MIKE GRIFFIN, TERRI PORTER,
and DR. STRINGFELLOW                                                             DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed August 20, 2008 by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (Doc. 55).

Judge Bryant recommends that Defendants' Motions for Summary Judgment be granted, and that

Plaintiff Charlie Daniels' § 1983 civil rights action be dismissed.  Daniels submitted an Affidavit

(Doc. 57) objecting to Judge Bryant's recommendation, which the Court filed as his timely

objections, (*see* Doc. 58) satisfying Daniels' obligations under 28 U.S.C. § 636(b)(1) and triggering

*de novo* review. Thereafter, Daniels filed two motions for extensions of time (Docs. 56, 59) to file

detailed and specific objections, and the Court granted each requested extension.  (Docs. 58, 61).

Daniels has now filed detailed objections to the Report and Recommendation,  (Doc. 62) including

a supplemental Statement of Necessity, which explains difficulties Daniels encountered in obtaining

medical records pertinent to his claim.  (Doc. 62-2).  Having reviewed the entire record in this matter

*de novo*, the Court adopts the Report and Recommendation as its own.

As detailed by Judge Bryant in the Report and Recommendation, the events giving rise to this

lawsuit occurred while Daniels was incarcerated as a pretrial detainee at the Miller County Detention

Center.  There, Daniels alleges that Defendants delayed taking him to the hospital, causing him,

among other things, mental and physical suffering and several adverse health effects.  Daniels alleges

that the passage of four to five hours between the time he was examined by Doctor Stringfellow and

the time he was taken to Wadley Regional Medical Center amounts to the denial of adequate medical

care and thus a violation of his constitutional rights.  Upon *de novo* review, the Court disagrees.

As cited in Judge Bryant's Report and Recommendation, "an inmate who claims that delay

in medical treatment rose to the level of a constitutional violation must place verifying medical

evidence in the record to establish the detrimental effect of delay in medical treatment." *Reece v.*

*Groose*, 60 F.3d 487, 491 (8th Cir. 1995). *See also Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir.

2005)(when inmate alleges that delay in treatment rise to level of Eighth Amendment violation,

objective seriousness of deprivation should be measured by effect of delay, and to establish this

effect inmate must place verifying medical evidence in record).  The Court agrees with Judge Bryant

that Daniels has failed to present the verifying medical evidence in the record to create a genuine

issue of fact as to whether the delay had a detrimental effect on his health.  Instead, the record

contains chest x-rays conducted on May 5, 2006, which reveal "no evidence of acute

cardiopulmonary disease." (Doc. 51-9, pg. 1).   The record also contains the results of an

Echocardiogram conducted on May 6, 2006, indicating normal functioning.  (Doc. 51-10).

Thus, it is undisputed that Daniels did receive treatment at Wadley Regional Medical Center

on May 5, 2006.  Indeed, only 5 hours–by Daniels' own calculation–passed between Dr.

Stringfellow's order and the transport of Daniels to the emergency room.  The result is that the record

reveals minimal delay by Defendants in acting upon Dr. Stringfellow's order to take Daniels  to the

hospital for further evaluation, and does not contain any evidence of the effect of this delay.  In

accordance with *Reece v. Groose*, 60 F.3d at 491, no constitutional violation is present in the record

before the Court.

In his Objections, Daniels also advances a "formal complaint" against Judge Bryant for "practicing law from the bench." (Doc. 62, pg. 1).  Specifically, Daniels complains that he was prejudiced by the questionnaire (Doc. 53) Judge Bryant prepared in order to assist Daniels in responding to Defendants' motions for summary judgment.  However, contrary to Daniels' allegations, Judge Bryant did not act as attorney for either Daniels or any of the Defendants.  It is common practice for Magistrate Judges to propound questionnaires to *pro-se* litigants, with the aim of improving their responses to motions through specific and direct inquiries using straightforward language and terminology.  The Court fails to see how Judge Bryant's questionnaire prejudiced Daniels in any conceivable manner.  Further, Judge Bryant's questionnaire left Daniels the option and opportunity to include additional material in response to the summary judgment motions not specifically requested by a specific inquiry in the questionnaire: "**Detail below any further response you would like to make to Defendants' summary judgment motions**.  If you have any exhibits you would like the court to consider, please attach them to this response." (Doc. 53, pgs. 25-26)(emphasis in original).  Thus, Daniels could have included with his completed questionnaire additional responsive points or materials, and cannot now be heard to complain for failing to do so.

Further, Daniels argues that "there is no basis in law that requires a reply to any Motion. Replying is optional..." (Doc. 62, pgs. 3-4).  While replying to a motion is technically optional, the Court's Local Rules provide for an eleven day response time for parties who wish to oppose motions. *See* Local Rule 7.2(b), United States District Court for the Western District of Arkansas Without a response, a motion is unopposed, and the Court then has no basis to deny the motion. In this case, that means the motions for summary judgment filed by Defendant would have been summarily

granted had Daniels not responded by completing Judge Bryant's questionnaire, with the option of including further responsive material, as specifically provided for.

Finally, in his Statement of Necessity, Daniels requests that the Court withhold its ruling on Defendants' Motions for Summary Judgment "until the inadequate record can be completed to present medical evidence." (Doc. 62-2, pgs. 1-2). However, the time for submitting additional material to the record has passed, especially in light of the fact that the Court granted Daniels two extensions to the deadline to respond to the Report and Recommendation. In any event, as the Court has demonstrated, the record contains evidence of medical treatment received by Daniels at Wadley Regional Medical Center within a matter of hours from his first complaining of chest pain while incarcerated–and nothing in the record creates a material question of fact for a jury to resolve. Instead, the record reveals that all Defendants are entitled to summary judgment in their favor, and that Plaintiff's claims should be dismissed.

## CONCLUSION

For reasons discussed herein and above, the Court hereby **ADOPTS** Judge Bryant's Report and Recommendation as its own. The result is that Defendants' Motions for Summary Judgment should be and hereby are **GRANTED**, and Plaintiff's § 1983 civil rights lawsuit is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of September, 2008.

         _____/s/Harry F. Barnes_____
         Hon. Harry F. Barnes
         United States District Judge